UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**ROBERT DAWES,**

    9697 Look Road

    Alexandria, PA  16611,

And

**KATIE DAWES,**

    9697 Look Road

    Alexandria, PA  16611,

    Plaintiffs,

vs.

**VINEYARD VINES RETAIL, LLC,**

    d/b/a **VINEYARD VINES, LLC,**

    d/b/a **VINEYARD VINES,**

    1225 Wisconsin Avenue, NW

    Washington, DC  20007,

    **Registered Agent:**
    CT CORPORATION SYSTEM
    1015 15th Street, NW
    Suite 1000
    Washington, DC  20005,

    Defendant.

Case No. _____

JURY TRIAL REQUESTED

## **COMPLAINT**

    Comes now the Plaintiffs, Robert Dawes and Katie Dawes, by and through their attorneys, Caragh Fay and Molly Patricia Hoffman of Fay Kaplan Law, P.A. and file this Complaint against the Defendant, Vineyard Vines Retail, LLC,  d/b/a Vineyard Vines, LLC,

1

d/b/a Vineyard Vines (hereinafter "Vineyard Vines") and in support of their complaint state as follows:

## JURISDICTION AND VENUE

1.	Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiffs are citizens of a different state from the Defendant and the value of the matter in controversy exceeds $75,000.

2.	Venue in this district is proper pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to this claim occurred in Washington, D.C.

## PARTIES

3.	At all times relevant to the matters set forth in this Complaint, Plaintiffs, Robert John Dawes and Katie Dawes, were citizens and residents of the State of Pennsylvania and were married to each other.

4.	At all times relevant to the matters set forth in this Complaint, Defendant Vineyard Vines, was a corporation domiciled, transacting business, organized and existing under the laws of Washington, D.C. and was operating as a retail establishment known as Vineyard Vines located at 1225 Wisconsin Avenue N.W., Washington, DC  20007.

5.	Upon information and belief, Defendant Vineyard Vines employed or contracted as the principal for the services of salespeople, maintenance workers and repairmen who provided services to the Defendant as described herein; or were in partnership with each other and therefore is liable under the doctrines of respondat superior and/or joint and several liability for any acts or omissions of its employees, partners, agents, contractors, or assigns which caused injury to the Plaintiffs.

**FACTS**

6. In or about 2012, a utility manhole, covered with a heavy bolted metal cover, was located on the sidewalk in front of Defendant Vineyard Vines. As such, Defendant Vineyard Vines knew or should have know that it was responsible for the upkeep and maintenance of the manhole cover, for the safety of pedestrians and others using the sidewalk in front of its store.

7. In or about March 2012, said manhole cover which covered the utility manhole located on the sidewalk in front of Vineyard Vines at 1225 Wisconsin Avenue, NW, Washington, DC, was reported as missing or damaged. As such, Defendant Vineyard Vines knew or should have known that the uncovered manhole presented a safety hazard to pedestrians using the sidewalk in front of its store.

8. At said time and place, Defendant also knew it was responsible for the safe maintenance of this manhole cover and that it needed to address this safety hazard by having a strong metal cover bolted over the manhole.

9. On March 17, 2012, a notice was served by D.C. Water & Sewer to Vineyard Vines alerting it to the hazard in front of its property and advising Defendant of its duty to repair the manhole cover and remove the hazard to pedestrians using the sidewalk in front of its store, pursuant to D.C. Code Sec. 302.5 et. seq..

10. Notwithstanding this notice, in or about March, 2012, Defendant had a temporary, plastic cover substituted in place and instead of the missing heavy cover over the manhole and placed no warnings to alert the public that the manhole remained unsafe. Defendant did not bolt this cover in place, although it knew that a pedestrian, walking on the sidewalk in front of its store, would not know that the cover was plastic and unbolted and would not appreciate the existence of this hazard until he stepped on the cover.

11.     Defendant placed no warnings or protection cones, barriers or warnings of any kind to alert pedestrians that a temporary plastic cover, instead of the safer bolted metal cover, was in place over the manhole on the sidewalk; and no bolts held this flimsy plastic cover in place.

12.     On April 18, 2012, Plaintiff Robert John Dawes, while walking on the sidewalk in front of Defendant Vineyard Vines, stepped on said loose plastic manhole cover. Without warning, said cover flipped off the manhole and Mr. Dawes's leg fell into and was trapped in the manhole.

13.     Mr. Dawes was extracted from the manhole and was taken to Sibley Hospital where he was treated for his immediate injuries. He suffered injuries including but not limited to, traumatic tear of the triangular fibrocartilage complex (TFCC) of his right wrist, abrasions to his right hand, a fracture to a dental implant, internal derangement of the right knee with soft tissue contusion of the gastrocnemius and tibialis anterior, hyper-extension his right knee and severe abrasions the soft tissue over his tibia. These abrasions soon became infected necessitating antibiotic therapy. After the infection cleared, Mr. Dawes continues to be bothered by recurrent swelling and pain in his lower leg. He has suffered severe pain on dorsiflexion of his ankle. The swelling and pain limit his mobility and is very disruptive of his sleep.

14.     As a direct and proximate result of the Defendant's actions and omissions, all without any negligence or wrongdoing on the part of Plaintiff, Robert John Dawes sustained numerous personal injuries to his body, suffered humiliation and embarrassment, suffered mental distress, and medical expenses and will endure pain and expenses in the future. At no time did Mr. Dawes assume the risk of said injuries.

## COUNT I- NEGLIGENCE

15. Plaintiffs re-allege and incorporate by reference paragraphs one (1) through fifteen (14) as if fully set out herein.

16. Defendant, its agents, employees, partners and assigns were negligent, reckless, careless and breached the duties imposed on it in a manner including but not limited to the following particulars;

   a. Creating and causing a dangerous and hazardous condition/obstruction on the sidewalk on their premises by failing to properly repair the manhole cover;

   b. Creating and causing a dangerous and hazardous condition on the sidewalk on their premises by failing to place proper warnings or indicators that the cover for the sewer/waterline was not secure;

   c. Failing to conduct an appropriate inspection that would have revealed a dangerous hazard;

   d. Failing to take appropriate measures to remediate the dangerous hazard in a timely fashion;

   e. Violating city and federal ordinances and statutes directly Defendant to maintain the manhole cover in front of its store in a safe, hazard free fashion.

   f. Failing to place appropriate hazard warnings and barriers in a timely fashion.

   g. Lulling pedestrians into a false sense of security by placement of a plastic cover instead and in place of a bolted metal manhole cover.

   h. In being negligent in other respects.

17.     As direct and proximate result of the Defendant's negligence, the Plaintiff Robert John Dawes, with no negligence on his part, suffered personal injuries, humiliation, embarrassment, mental distress, and medical expenses.  Mr. Dawes will continue to endure pain and suffering and by reason of his injuries and has been required to expend funds for medicines, doctors, hospitals, nurses and other medical care and has suffered has permanent injuries and Plaintiff John Robert Dawes has thereby suffered damages in the amount of **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

**WHEREFORE**, the Plaintiff, Robert John Dawes, demands judgment against the Defendant, Vineyard Vines, in the amount of **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**, to fully and adequately compensate him for his damages and losses, plus costs and interest.

## COUNT II- LOSS OF CONSORTIUM

18.     Plaintiffs re-allege and incorporate by reference paragraphs one (1) through twenty-two (22) as if fully set out herein.

19.     As a further and direct proximate result of the acts of negligence of the Defendant, Plaintiff, Katie Dawes, the lawful wife of the Plaintiff, Robert Dawes, was caused to sustain a loss of services, love and affection of the Plaintiff Robert John Dawes, and suffered a loss on consortium to the detriment of the marital relationship and has suffered damages in the amount of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**.

**WHEREFORE,** Plaintiff, Katie Dawes, demands judgment against the Defendant, Vineyard Vines, in the amount of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**, to fully and adequately compensate her for her damages and losses, plus costs and interest.

Dated:  March 5, 2013                              Respectfully submitted,

                                                   FAY KAPLAN LAW, P.A.



                                                    /s/ *Caragh Fay, Esq.*
                                                   Caragh Fay, Esq. (Bar # 16955)
                                                   Molly Patricia Hoffman, Esq. (Bar # MD17846)
                                                   777 6th Street NW, Suite 410
                                                   Washington, DC 20001
                                                   (202) 589-1300
                                                   *Counsel for the Plaintiffs*


## **Jury Demand**

The plaintiff demands a trial by jury on all issues.


                                                    /s/  *Caragh Fay, Esq.*
                                                   Caragh Fay, Esq.